# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PHILLIP LAWRENCE,

|                     |     |                                      |
|---------------------|-----|--------------------------------------|
| Petitioner,         |  :  | Case No. 3:14-cv-459                  |
|                     |     |                                      |
| - vs -              |     | District Judge Walter Herbert Rice   |
|                     |     | Magistrate Judge Michael R. Merz     |
|                     |     |                                      |
| WARDEN, London Correctional Institution, | : |                    |
| Respondent.         |     |                                      |

# REPORT AND RECOMMENDATIONS

Petitioner Phillip Lawrence brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254 to challenge his confinement in Respondent's custody upon his conviction for one count of murder and one count of felonious assault with a firearm specification. Petitioner pleads that he was sentenced to eighteen years to life imprisonment in October 2002 (Petition, Doc. No. 2, PageID 16).

The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Lawrence pleads one ground for relief:

> **Ground One**: Whether the trial court abused its discretion in denying Mr. Lawrence a new trial based upon newly discovered evidence.
>
> **Supporting Facts:** Whether the newly discovered evidence of an alternative suspect discloses a strong probability that it will change

1

the result of a new trial was granted. Whether the newly discovered evidence of an alternative suspect merely impeaches or contradicts other evidence.

(Petition, Doc. No. 2, PageID 19.)

The background of the case is discussed by the Second District Court of Appeals in affirming the trial court's denial of Lawrence's motion for new trial. *State v. Lawrence*, 2014-Ohio-417, 2014 Ohio App. LEXIS 410 (2nd Dist. Feb. 7, 2014).

The Second District found that Antonne Pollard had been shot at Parkside Homes[1] in Dayton, Ohio, on October 24, 2000. Pollard died within an hour, but identified Lawrence, known around Parkside by his nickname P.J., as the shooter, both to a rescuing neighbor, Christopher Lacy, and to a responding police officer. *Id.* at ¶ 3, quoting the Second District's decision on direct appeal. Another eyewitness at Parkside, Taquita Young, identified Lawrence as being present at the time of the shooting and possessing a firearm. *Id.* Lawrence defended with alibi testimony from his girlfriend and clock-in evidence from his employer within forty-five minutes of the shooting. *Id.* at ¶ 4. Based on this evidence, Lawrence was convicted of two counts of murder with firearm specifications which were merged for sentencing, resulting in a sentence of fifteen years to life for murder plus three years consecutive for the firearm specification.[2]

In January 2011 Lawrence met Bobby Groce, Jr., a fellow inmate at the Warren Correctional Institution where Lawrence was then imprisoned. Groce told Lawrence that he also was at Parkside selling drugs between 5:00 a.m. and 8:00 a.m. on the date of Pollard's murder. *State v. Lawrence, supra*, ¶ 9. Groce heard the gunshots, heard Pollard crying for help, and

---

[1] Parkside Homes was a public housing project in Dayton which has now been leveled. From at least the late '70's until its destruction, it was one of the most criminogenic locations in the city.
[2] This differs from Lawrence's understanding of his convictions (Petition, Doc. No. 2, PageID 16, ¶ 5), but the difference is not material for present purposes.

identified the shooter who was chasing Pollard as another Parkside drug dealer nicknamed "Cheese" whom he had known for about forty-five days and from whom he had purchased drugs when his regular Parkside source was unavailable. *Id.* at ¶¶ 9-10. Groce gave Lawrence an affidavit to this effect and later testified live at the hearing on the new trial motion.

Having considered Groce's testimony, the trial court found Lawrence's motion was timely made after discovering the new evidence, but that "Lawrence had failed to establish a strong probability of a different result if Groce's testimony were presented at a new trial." *Id.* at ¶ 15. The Second District quoted the trial judge's findings supporting that conclusion:

> The first element requires the Defendant to show that there is a strong probability, not simply a possibility, that the result will change if a new trial is granted, and he cannot do that. Defendant has presented the affidavit and testimony of Bobby Groce, a fellow inmate, who has a long history of meandering around the law and who also conveniently was on the scene at the time of the shooting. According to Defendant, Groce's testimony carries such credibility that it would have swayed the jury such that their verdict would have come back not guilty. However, the Court is not convinced that the jury would have been so swift to believe a drug dealer over local resident and mother, Taquita Young. Moreover, Groce's testimony relates only to the identity of the shooter. If a jury believed that Ms. Young "implanted" P.J.'s identity in Tonne's mind or that his mind and dying declarations were not credible due to Tonne's intoxication, it would have drawn those conclusions at the time of trial, without Groce's testimony. Therefore, the Court finds that the probability that Bobby Groce's testimony would change the result at trial is slim, and not sufficient for the Court to warrant a new trial. *Id.* at p. 4.

*Id.* at ¶ 23. The Second District concluded it was proper for the trial court to weigh Groce's credibility and not an abuse of discretion to deny a new trial on that basis. *Id.* at ¶ 46. The Supreme Court of Ohio declined jurisdiction over Lawrence's subsequent appeal. *State v. Lawrence,* 139 Ohio St. 3d 1419 (2014).

3

# Analysis

**Fair Presentation and Cognizability**

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.   In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Furthermore, to preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

"Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2004); accord, *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006); *Blackmon v. Booker*,

394 F.3d 399, 400 (6th Cir. 2004).

Both on appeal to the Second District and in his Petition here, Lawrence claims the Montgomery County Common Pleas Court abused its discretion in denying his motion for a new trial. The abuse of discretion standard is proper on state appeal, but it does not state a claim of violation of the United States Constitution. To put it another way, it is not a violation of the Constitution for a state court to abuse its discretion in denying a new trial motion. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

> A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable. . . .[T]he constitutional issue is whether the state court's application of its constitutionally adequate standard was so erroneous as to raise an independent due process violation.

*Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

A habeas corpus petitioner procedurally defaults on his federal claims when he fails to fairly present them as federal claims to the state courts. Because he failed to fairly present this claim as a federal claim, Lawrence's Petition should be dismissed with prejudice as procedurally defaulted.

**Alternative Merits Analysis**

It is possible to present denial of a new trial as a federal constitutional violation. If the denial is "so egregious" as to violate a petitioner's right to a fundamentally fair trial, that claim is cognizable in habeas corpus. *Pudelski v. Wilson*, 576 F.3d 595, 611 (6th Cir. 2009)(Holschuh, D.J.), citing *Fleming v. Metrish*, 556 F.3d 520, 535 (6th Cir. 2009); *Baze v. Parker*, 371 F.3d

310, 324 (6th Cir. 2004).

Lawrence has not pled a constitutional violation, but if his Petition were read liberally to make that claim,[3] he would still not be entitled to relief.  For the reasons given by the Second District, there is not a strong probability that Groce's testimony would have changed the result. Groce had a long criminal history, including drug dealing at Parkside.  He allegedly witnessed a murder by someone who he thought was shooting at him, yet he never came forward to give testimony until more than ten years later.  That testimony would have been weighed by the jury against Pollard's identification of Lawrence as the shooter just before his death.  This is not a stranger identification – the two men knew one another.  That identification was bolstered by Taquitha Young, who also knew Lawrence from Parkside.  Lawrence's alibi was also quite weak.

On the merits, the Magistrate Judge concludes denying the motion for new trial did not deny Lawrence a fundamentally fair trial.  On this basis as well, the Petition should be dismissed with prejudice.


**Conclusion**


Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth

---

[3] As a *pro se*  litigant, Lawrence is entitled to a liberal construction of his pleadings.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.


December 22, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## 'NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).